UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBERT F. BACH, ET AL | CIVIL ACTION |
| VERSUS | |
| AMEDISYS, INC., ET AL | NO. 10-395-BAJ-CN |

-CONSOLIDATED WITH-

| | |
|---|---|
| DAN HIMMEL, DERIVATIVELY ON BEHALF OF AMEDISYS, INC. | CIVIL ACTION |
| VERSUS | NO. 10-441-BAJ-CN |
| WILLIAM F. BORNE, ET AL | |

-CONSOLIDATED WITH-

| | |
|---|---|
| DAVID ISMAN | CIVIL ACTION |
| VERSUS | NO. 10-464-BAJ-CN |
| AMEDISYS, INC., ET AL | |

-CONSOLIDATED WITH-

| | |
|---|---|
| PAULA WENDLAND, DERIVATIVELY ON BEHALF OF AMEDISYS, INC. | CIVIL ACTION |
| VERSUS | NO. 10-468-BAJ-CN |
| WILLIAM F. BORNE, ET AL | |

-CONSOLIDATED WITH-

ARIK DVINSKY

VERSUS

AMEDISYS, INC., ET AL

CIVIL ACTION

NO. 10-470-BAJ-CN

-CONSOLIDATED WITH-

NORTHUMBERLAND COUNTY PENSION
FUND, DERIVATIVELY ON BEHALF OF
NOMINAL DEFENDANT AMEDISYS, INC.

VERSUS

WILLIAM F. BORNE, ET AL

CIVIL ACTION

NO. 10-480-BAJ-CN

-CONSOLIDATED WITH-

MELVIN W. BRINKLEY, ON BEHALF
OF HIMSELF AND ALL OTHERS
SIMILARLY SITUATED

VERSUS

AMEDISYS, INC., ET AL

CIVIL ACTION

NO. 10-497-BAJ-CN

-CONSOLIDATED WITH-

LABORERS' DISTRICT COUNCIL AND
CONTRACTORS' PENSION FUND OF
OHIO, DERIVATIVELY ON BEHALF
OF AMEDISYS, INC.

VERSUS

AMEDISYS, INC., ET AL

CIVIL ACTION

NO. 10-505-BAJ-CN

## RULING AND ORDER

These consolidated actions are before the Court on several competing motions for appointment as lead plaintiff and for approval of selection of lead counsel, and on a motion to vacate the order of consolidation, or, in the alternative, to amend the order of consolidation. The parties have filed several responses to the motions for appointment as lead plaintiff and for approval of counsel, and on October 7, 2010, the Court heard oral argument on the motions.

## BACKGROUND

These actions arose out of allegations concerning the violation of federal securities laws by Amedisys, Inc. ("Amedisys"), and certain of its senior executives. As a result of the allegations, four securities class actions were filed against Amedisys and officers of the company (*Robert F. Bach, et al, v. Amedisys, Inc., et al*, 10-395-BAJ-CN; *David Isman v. Amedisys, Inc., et al*, 10-464-BAJ-CN; *Arik Dvinsky v. Amedisys, Inc., et al*, 10-470-BAJ-CN; and *Melvin W. Brinkley, et al v. Amedisys, Inc., et al*, 10-497-BAJ-CN), and four derivative

actions were filed on behalf of Amedisys (*Dan Himmel, Derivatively on Behalf of Amedisys, Inc.,* 10-441-BAJ-CN; *Paula Wendland, Derivatively on Behalf of Amedisys, Inc.,* 10-468-BAJ-CN; *Northumberland County Pension Fund, Derivatively on Behalf of Nominal Defendant Amedisys, Inc.,* 10-480-BAJ-CN; and *Laborers' District Council and Contractors' Pension Fund of Ohio, Derivatively on behalf of Amedisys, Inc.,* 10-505-BAJ-CN).

Plaintiffs in the securities class actions allege that the securities class action defendants, who provide home health care services for aging and terminally ill patients, misled investors and inflated the company's financial results by increasing the number of at-home therapy visits solely to trigger higher Medicare reimbursement rates. According to the securities class action plaintiffs, that scheme artificially inflated the price of Amedisys securities and caused substantial damage to the company's investors.

Plaintiffs in the derivative shareholder actions allege that the management and Board of Amedisys expressly or implicitly approved the scheme to increase the number of visits. Accordingly, the plaintiffs in the derivative actions seek to impose liability upon officers and directors of Amedisys and to recover damages sustained by the company due to the alleged gross mismanagement of the company and waste of the company's assets by those officers and directors.

On August 26, 2010, all of the above captioned cases were consolidated. The order of consolidation, however, did not specify the purpose or extent of the consolidation, and on September 8, 2010, the derivative action plaintiffs and

defendants filed a joint motion to vacate or amend the consolidation order (doc. 40). The movants noted that the derivative and the securities class actions are based on similar facts and involve some of the same defendants, but they also noted that the derivative and class action cases involve different parties in interest, different legal claims, and seek different remedies. Movants argued that consolidation of the two sets of actions for trial is, therefore, inappropriate.

Accordingly, the Court scheduled a hearing for October 7, 2010, to address the joint motion of the derivative plaintiffs and defendants to vacate or amend the consolidation order and to address the several remaining motions for appointment as lead plaintiff and for approval of lead counsel and liaison counsel in the securities class action cases. On October 4, 2010, plaintiffs in the derivative actions moved for consolidation of the derivative actions and for appointment of co-lead counsel and co-liaison counsel in the derivative actions (doc. 51).

**The Hearing**

At the motion hearing, the Court first addressed the issue of consolidation. Counsel representing the parties in the derivative actions stated that the parties in those actions sought to have the derivative actions consolidated separately from the securities actions. After hearing the argument of counsel, the Court stated that it was prepared to modify the order of consolidation to separately consolidate the securities class action cases and the derivative actions for trial, but the Court also indicated its inclination to consolidate all of the above

captioned case for pretrial purposes. The Court then invited comment on the issue of consolidation for pretrial purposes.

Only counsel for Amedisys and the individual defendants in the securities actions responded, stating that the parties in the securities class action cases "just haven't gotten to that yet in the 10(b)(5) class action side because there hasn't been a lead plaintiff appointed and there has not really been anybody to speak on behalf of the putative class in that side." Counsel then argued that consolidation for trial is improper and further asserted that, in his opinion, the Court should rely on the parties to simply "coordinate" and work together as needed rather than consolidate the securities class action and derivative cases for pretrial purposes.

After taking the issue under advisement, the Court turned to the motions for appointment of lead plaintiff in the securities class action cases. Counsel for Public Employees' Retirement System of Mississippi and Puerto Rico Teachers' Retirement System ("Mississippi Plaintiffs") asserted that its clients' financial interest in the relief sought by the class actions is larger than the combined losses of all of the other plaintiffs who have moved for appointment as lead plaintiff. Counsel also asserted that the Mississippi Plaintiffs held their shares through the entire class period and through each of the disclosures that are alleged to have caused harm to the class, whereas many other plaintiffs, including Macomb County Employees' Retirement System (Macomb Plaintiffs"), sold their shares before some of the allegedly damaging disclosures occurred.

Counsel further argued that the Mississippi Plaintiffs are "devoted to this litigation" and "have a staff that is devoted to this," which "starts with Mr. Neville [and] goes up to the attorney general himself."[1]

Counsel for the Macomb Plaintiffs, however, argues that the Mississippi Plaintiffs already serve as lead plaintiffs in thirteen actions and therefore fall afoul of the restrictions on professional plaintiffs provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA"). See Pub. L. 104-67, 109 Stat. 737. The restrictions on professional plaintiffs provision provides:

> Except as the court may otherwise permit, consistent with the purposes of this section, a person may be a lead plaintiff, or an officer, director, or fiduciary of a lead plaintiff, in no more than 5 securities class actions brought as plaintiff class actions pursuant to the Federal Rules of Civil Procedure during any 3-year period.

15 U.S.C. §78u-4(a)(3)(B)(vi). Counsel also noted that, though the PSLRA provides the Court with discretion whether to apply the restriction on professional plaintiffs, it specifically provides that the Court's discretion should be exercised "consistent with the purposes" of the Act. Counsel asserted that the PSLRA seeks to assure that plaintiffs be vigorous advocates for the class and argues that the Mississippi Plaintiffs are currently engaged in too many other actions to dedicate proper resources to this litigation. Counsel also asserted that district

---

[1] Upon making an initial appearance at the hearing, counsel for the Mississippi Plaintiffs introduced George Neville of the Mississippi Attorney General's Office, describing him as a Special Assistant Attorney General who also serves as litigation counsel for the Public Employees' Retirement System of Mississippi.

7

courts in the Fifth Circuit have consistently followed the statutory text with regard to application of the restriction on professional plaintiffs.

Counsel for Amedisys Securities Investors agreed that the Mississippi Plaintiffs have the largest losses of any movant and noted that the Court has the discretion to determine whether the restriction on professional plaintiffs should apply.[2] Counsel argued, however, that the Amedisys Securities Investors would be the proper party to serve as lead plaintiffs if the restriction barred appointment of the Mississippi Plaintiffs. Counsel further noted that Amedisys Securities Investors sustained the second largest losses and argued that, because those losses were spread among fewer individuals, the Amedisys Securities Investors each have a very compelling interest in this litigation.[3]

## LAW AND DISCUSSION

**The Motion to Vacate or Amend the Consolidation Order**

Federal Rule of Civil Procedure 42 provides:

> (a) **Consolidation**. If any actions before the court involve a common question of law or fact, the court may:
> (1) join for hearing or trial any or all matters at issue in the actions;
> (2) consolidate the actions; or
> (3) issue any other orders to avoid unnecessary cost or delay.

---

[2] Counsel also opined that appointment of the Mississippi Plaintiffs is a "no brainer" in this situation if the restriction doesn't apply.

[3] Counsel for the City of Tallahassee Retirement System was not present at the hearing, but has withdrawn its motion for appointment as lead plaintiff in support of appointment of the Mississippi Plaintiffs (doc. 36). Plaintiff, City of Birmingham Retirement and Relief System has done likewise (doc. 28), and movant, Nirav T. Patel, has filed a notice of non-opposition to the appointment of the Mississippi Plaintiffs (doc. 34).

> (b) **Separate Trials**. For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

Fed.R. Civ.P. 42.

This Court concludes that, though the class action securities cases and the shareholder derivative actions present different parties in interest, different legal claims, and seek different remedies, they also present a compelling number of common factual issues such that consolidation of the cases for pre-trial purposes will help to avoid duplication, to avoid inconsistent pre-trial rulings, and to conserve and economize judicial effort. Moreover, through proper coordination by the parties, consolidation for pre-trial purposes will allow pre-trial proceedings with respect to any non-common issues to proceed concurrently with the proceedings on common issues, and will help to ensure that the pre-trial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties in both causes of action. Accordingly, the Court shall modify the consolidation order to consolidate the class action securities cases and the shareholder derivative cases for pre-trial purposes.

The Court agrees, however, with the movants in the motion to vacate or amend the consolidation order insofar as they assert that the class action securities cases and the shareholder derivative actions present different parties in interest, different legal claims, and seek different remedies such that

consolidation of the two groups of cases for trial would be inappropriate. The court also finds merit in the arguments of the movants in the various motions to consolidate insofar as they assert that the securities class action cases and the derivative actions should be consolidated separately for trial. Accordingly, the Court shall further modify the consolidation order to separately consolidate the class action securities cases and the shareholder derivative cases for trial purposes.

## Motion for Approval of Co-Lead Counsel and Co-Liaison Counsel in the Shareholder Derivative Cases

The Court, having determined that the derivative actions should be consolidated for purposes of trial, also finds merit in the derivative plaintiffs' unopposed motion for appointment of co-lead counsel and co-liaison counsel. Accordingly, the Court shall appoint Robbins Umeda LLP; Cohen Placitella, & Roth, P.C. and Branstetter, Stranch & Jennings, PLLC as co-lead counsel; and Clayton & Fruge and Robein, Urann, Spencer, Picard & Cangemi, APL as co-liaison counsel in the consolidated derivative actions.

## Appointment of Lead Plaintiff in the Securities Class Action Cases

The PSLRA directs courts to consider all timely-filed motions by purported class members who seek appointment as lead plaintiff, and provides that a court shall appoint "the member or members of the purported plaintiff class that the court determines most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(1). In determining which movant should

be appointed lead plaintiff under the PSLRA, courts are also directed to adopt a presumption that the most adequate plaintiff is the movant that "in the determination of the court, has the largest financial interest in the relief sought by the class," and that "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). That presumption may be rebutted "only upon proof by a member of the purported class that the presumptively most adequate plaintiff . . . will not fairly and adequately protect the interests of the class; . . . or is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II).

No party at the hearing or in any of the memoranda submitted in conjunction with the motions for appointment of lead plaintiff has disputed that the Mississippi Plaintiffs have the largest financial stake of any of the plaintiffs in the securities class actions.[4] Moreover, as was noted at the hearing, even if the claims asserted by the Puerto Rico Teachers' Retirement System were to be severed from the claims of the Public Employees Retirement System of Mississippi, the claims of the Public Employees Retirement System of Mississippi, alone, would still present, by far, the largest financial interest of any

---

[4] The losses claimed by the nine original movants are: (1) Mississippi Plaintiffs, $3,357,977; (2) Amedisys Securities Investors, $967,014; City of Tallahassee Retirement System, $583,388; Macomb Plaintiffs, $436,167; Baltimore County Employees' Retirement System, $249,730; City of Pontiac General Employees Retirement System; $249,730; City of Birmingham Retirement and Relief System, $126,738; West Palm Beach Police Pension Fund $72,886; and Nirav T. Patel, $41,532.

plaintiff seeking appointment as lead plaintiff.[5] Having reviewed the record, the Court finds that the Mississippi Plaintiffs have fulfilled the certification requirements of 15 U.S.C. § 78u-4(a)(2)(A).[6] *See* (docs. 23-4, 23-5). The Court also finds that the Mississippi Plaintiffs meet the notification requirements of 15 U.S.C. §78u-4(a)(3)(A)(i).[7] *See* (docs. 23-9, 23-10, 23-11). The Court also finds that the Mississippi Plaintiffs satisfy the typicality and adequacy requirements of

---

[5] No party, however, has suggested that grounds exist for severance of the claims of the Mississippi Plaintiffs and the Court envisions no scenario in which the claims would be severed.

[6] That subsection provides:

> Each plaintiff seeking to serve as a representative party on behalf of a class shall provide sworn certification, which shall be personally signed by such plaintiff and filed with the complaint, that-
> (i) states that the plaintiff has reviewed the complaint and authorized its filing;
> (ii) states that the plaintiff did not purchase the security that is the subject of the complaint at the direction of plaintiff's counsel or in order to participate in any private action arising under this chapter;
> (iii) states that the plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial if necessary;
> (iv) sets forth all of the transactions of the plaintiff in the security that is the subject of the complaint during the class period specified in the complaint;
> (v) identifies any other action under this chapter, filed during the 3-year period preceding the date on which the certification is signed by the plaintiff, in which the plaintiff has sought to serve as a representative party on behalf of a class; and
> (vi) states that the plaintiff will not accept any payment for serving as a representative party on behalf of a class beyond the plaintiff's pro rata share of the recovery, except as ordered or approved by the court in accordance with paragraph (4).

15 U.S.C. §78u-4(a)(2)(A).

[7] That subsection provides:

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff-class- -
> (I) of the pendency of the action, the claims asserted therein, and the purported class period; and
> (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. §78u-4(a)(3)(A)(i).

12

Rule 23, and notes that no party has argued that the Mississippi Plaintiffs fail to meet the requirements of Rule 23 or that they should not be appointed as lead plaintiffs except insofar as it has been argued that they should be barred from appointment by the restrictions on professional plaintiffs provision of the PSLRA.[8]

Therefore, the only issue remaining before the Court in determining whether the Mississippi Plaintiffs should be appointed lead plaintiff in these securities class actions is the Court's determination whether the restrictions on professional plaintiffs provision of the PSLRA precludes the appointment of the Mississippi Plaintiffs. The Court finds that it does not.

In addressing the restrictions on professional plaintiffs, the House of Representatives Conference Report No. 104-396 of the 104th Congress at 35 (1999) provides in pertinent part:

> Institutional investors may need to exceed this limitation and do not represent the type of professional plaintiff this legislation seeks to restrict. As a result, the Conference Committee grants courts discretion to avoid the unintended consequence of disqualifying institutional investors from serving more than five times in three years.

See also, *In re Critical Path, Inc. Securities Litigation,* 156 F.Supp.2d 1102, 1112 (N.D.Cal. 2001) (citing the above conference report and concluding that Congress did not intend to apply the professional plaintiff restriction to all cases).

---

[8] Though counsel for the Macomb Plaintiffs vigorously argues that the Mississippi Plaintiffs should be precluded from appointment as lead plaintiff by the "presumptive bar that is contained within the PSLRA," counsel for the Macomb Plaintiffs has also opined that the Mississippi Plaintiffs otherwise meet all criteria for appointment as lead plaintiff.

No party has directed the Court to, and the Court has not found, any case in which a court has applied the restriction to bar appointment of a plaintiff whose financial interest in the litigation at issue exceeded that of all other movants combined. The Court concludes that application of the restriction under such circumstances would be contrary to the intent of Congress in that it would minimize the control of a sophisticated institutional investor whose losses significantly exceed those of any other potential lead plaintiff. Moreover, given the resources cited by counsel and the extent of the losses claimed by the Mississippi Plaintiffs, the Court also finds no merit in the argument of counsel for Macomb Plaintiffs that the Mississippi Plaintiffs are "spread too thin" to properly represent the class in this matter.

Accordingly, the Court concludes that the Mississippi Plaintiffs meet the criteria to be, and shall be, appointed to serve as lead plaintiff in the securities class action cases.

## Approval of Lead Counsel and Liaison Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. §78u-4(a)(3)(B)(v). The Mississippi Plaintiffs have chosen the law firms of Bernstein Litowitz and Wolf Popper to serve as lead counsel. The Court notes the record of these firms in past securities class action litigation and finds they are capable of protecting the interests of the class. Accordingly, the Court shall approve the lead plaintiff's

selection of Bernstein Litowitz and Wolf Popper as lead counsel and of Carleton Dunlap as liaison counsel.

## CONCLUSION

For all the foregoing reasons:

1. The joint motion of the derivative plaintiffs and defendants to vacate or amend the consolidation order (doc. 40) is hereby **GRANTED** insofar as the motion seeks to have the order amended, and **IT IS HEREBY ORDERED** that the order of consolidation (doc. 31) is amended as follows:

   (A) **The derivative actions** (*Dan Himmel, Derivatively on Behalf of Amedisys, Inc.*, 10-441-BAJ-CN; *Paula Wendland, Derivatively on Behalf of Amedisys, Inc.*, 10-468-BAJ-CN; *Northumberland County Pension Fund, Derivatively on Behalf of Nominal Defendant Amedisys, Inc.*, 10-480-BAJ-CN; and *Laborers' District Council and Contractors' Pension Fund of Ohio, Derivatively on behalf of Amedisys, Inc.*, 10-505-BAJ-CN) **are consolidated for trial**;

   (B) **The securities class actions** (*Robert F. Bach, et al, v. Amedisys, Inc., et al*, 10-395-BAJ-CN; *David Isman v. Amedisys, Inc., et al*, 10-464-BAJ-CN; *Arik Dvinsky v. Amedisys, Inc., et al*, 10-470-BAJ-CN; and *Melvin W. Brinkley, et al v. Amedisys, Inc., et al*, 10-497-BAJ-CN) **are consolidated for trial**; and

(C)  **All of the above captioned actions are consolidated for pretrial purposes**.

2. The unopposed motion by plaintiffs in the derivative actions for appointment of co-lead counsel and co-liaison counsel (doc. 51) is hereby **GRANTED** insofar as it seeks appointment of co-lead counsel and co-liaison counsel and **IT IS ORDERED** that the following are hereby appointed as co-lead counsel for plaintiffs in the consolidated derivative actions:

ROBBINS UMEDA LLP
BRIAN J. ROBBINS
KEVIN A. SEELY
JAY N. RAZZOUK
600 B Street, Suite 1900
San Diego, CA 92101
Telephone: (619) 525-3990
Facsimile: (619) 525-3991

and

BRANSTETTER, STRANCH & JENNINGS, PLLC
J. GERARD STRANCH, IV
MICHAEL G. STEWART
JOE P. LENISKI, JR.
227 Second Avenue North, 4th Floor
Nashville, TN  37201
Telephone: (615) 254-8801
Facsimile: (615) 250-3937

**IT IS FURTHER ORDERED** that the following are appointed as co-liaison counsel in the consolidated derivative actions:

CLAYTON AND FRUGE
ANTONIO M. CLAYTON
607 N. Alexander Ave.
Port Allen, LA 70767
Telephone: (225) 344-7000

and

ROBEIN, URANN, SPENCER, PICARD & CANGEMI, APL
JULIE RICHARD-SPENCER
2540 Severn Avenue, Suite 400 (70002)
Post Office Box 6768
Metairie, LA 70009-6768
Telephone: (504) 885-9994
Facsimile: (504) 885-9969

3. The motion by the Public Employees' Retirement System of Mississippi and the Puerto Rico Teachers' Retirement System for appointment as lead plaintiff in the consolidated securities class action cases and for approval of lead counsel and liaison counsel is hereby **GRANTED** and **IT IS ORDERED THAT** the Public Employees' Retirement System of Mississippi and the Puerto Rico Teachers' Retirement System is hereby appointed lead plaintiff in the consolidated class action securities cases. **IT IS FURTHER ORDERED THAT** Bernstein Litowitz Berger & Grossman LLP and Wolf Popper LLP are appointed as lead counsel and Carleton Dunlap Olinde Moore & Bohman, LLC is appointed as liaison counsel in the consolidated securities class actions.

4. All pending motions other than those granted above, are hereby **DENIED**.

5.   **IT IS FURTHER ORDERED** that lead counsel and defense counsel shall, within thirty days of the issuance of this order, submit a proposed scheduling order addressing all pertinent discovery deadlines and motion deadlines as well as trial dates for the securities class action cases and for the derivative cases.

Baton Rouge, Louisiana, October 21, 2010.

_____
BRIAN A. JACKSON
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA